TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Patricia Wade

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Wade, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Edgewater Consulting Group, LLC; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Patricia Wade, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Patricia Wade (hereafter "Plaintiff"), is an adult individual residing in Christmas Valley, Oregon, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Edgewater Consulting Group, LLC (hereafter "ECG"), is an Arizona company with an address of 2205 E. Speedway Boulevard, Tucson, Arizona 85719, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.   Does 1-10 (the "Collectors") are individual collectors employed by ECG and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.   ECG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.   The Plaintiff allegedly incurred a financial obligation (the "Debt") to the United States Department of Education (the "Creditor").

9.   The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.   The Debt was purchased, assigned or transferred to ECG for collection, or ECG was employed by the Creditor to collect the Debt.

11.   The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. ECG Engages in Harassment and Abusive Tactics

12.   Within the last four years, ECG contacted Plaintiff in an attempt to collect the Debt by placing numerous calls Plaintiff's residential telephone and Plaintiff's various cellular telephones.

13. Within the last four years, Plaintiff has had at least three different cellular telephone numbers, all of which ECG has contacted repeatedly.

14. ECG contacted Plaintiff on her cellular telephone using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice (hereafter "Robocalls").

15. Plaintiff never provided any of her cellular telephone numbers to Creditor and never provided her consent to be contacted at any of her cellular telephone numbers.

16. Some of ECG's Robocalls began with a period of silence, after which a live representative would come on the line, or the line would begin ringing, as if Plaintiff had placed the call to ACT.

17. On several instances, ECG's Robocalls would terminate when Plaintiff answered the call, much to her annoyance.

18. On several instances, upon answering each of ECG's telephone calls, Plaintiff heard a prerecorded message.

19. Within the last year, ECG placed calls as early as 7:00 a.m. to Plaintiff's cellular telephone.

20. Also within the last year, ECG threatened that if Plaintiff did not provide contact information for a relative or friend, ECG would garnish Plaintiff's Social Security disability income.

4

21. ECG, however, did not have the present ability to affect immediate garnishment of Plaintiff's wages without first providing Plaintiff with proper notice.

22. On at least one occasion within the last year, Plaintiff requested that ECG cease calling as she could not provide the requested information to ECG.

23. Despite Plaintiff's request, ECG continued to hound Plaintiff with telephone calls in its collection efforts.

24. Moreover, ECG failed to send Plaintiff written validation of the Debt, including Plaintiff's rights under federal law, as required by 15 U.S.C. § 1692g.

### C. Plaintiff Suffered Actual Damages

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

28. The Defendants contacted the Plaintiff before 8:00 a.m. in violation of 15 U.S.C. § 1692c(a)(1).

29. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

32. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

# COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. At all times mentioned herein, Defendants contacted Plaintiff on her various cellular telephone numbers using an automatic telephone dialing system ("ATDS") and/or by using artificial or prerecorded messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

39. When Plaintiff answered the calls from Defendants, she often times heard an artificial and/or pre-recorded message from Defendants.

40. The various telephone numbers called by Defendants were assigned to cellular telephone services for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

41. Plaintiff never provided her cellular telephone numbers to Defendants or to the Creditor through any medium.

42. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Plaintiff never provided express consent to Defendants, the Creditor, or its agents to be contacted.

7

44. Plaintiff is informed and believes and thereon alleges that Defendants did not have prior express consent to place calls to her cellular telephone.

45. In the alternative, even if Defendants at one time obtained prior express consent to place calls to Plaintiff's cellular telephone, Defendants no longer had consent to call Plaintiff after being informed by her that she had retained an attorney and after being instructed by her to cease calling her cellular telephone.

46. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq.*

47. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

E. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and TCPA violations in an amount to be determined at trial for the Plaintiff;

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | |
|---|---|
| DATED: April 12, 2013 | LEMBERG & ASSOCIATES, LLC |
| | By: _/s/ Trinette G. Kent_ |
| | Trinette G. Kent |
| | Attorney for Plaintiff, |
| | Patricia Wade |